## Roberts, et al. v. Byars, et al.

(Decided October 27, 1925.)

Appeal from Logan Circuit Court.

1. Bills and Notes—Signature of Defendant on Back of Note Held a Sufficient "Indorsement," Under Statute.—Signature of defendant, who wrote his name on back of note as surety, held a sufficient "indorsement" without additional words, since he thereby engaged that he would pay amount of note to holder, under Ky. Stats., sections 3720b-31, 3720b-66.

2. Mortgages—Consideration for Mortgage Securing Defendant, Signing Mortgagor's Note as Surety, Held Not to have Failed.— Consideration of mortgage to secure defendant, signing mortgagor's note as surety, held not to have failed because defendant wrote his name on back of note, where under provision in note he thereby waived notice of dishonor and only discharged his legal liability on nonpayment of note by paying it.

I. G. MASON for appellants.

COLEMAN TAYLOR for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Henry Roberts owed Walton Byars in October, 1922, $539.12. Byars needed the money and finally it was arranged that Roberts would give Walton Byars his note, due in ninety days, with G. H. Byars as surety, and to secure G. H. Byars as his surety in the note that he would execute a mortgage to G. H. Byars on ten acres of strawberries he had growing. The note and the mortgage were executed. G. H. Byars, instead of writing his name under the name of Roberts on the face of the note, wrote his name on the back of it. Walton Byars took the note to the bank at Adairville where the parties lived; the bank cashed the note; Roberts failed to pay it at maturity. G. H. Byars paid it and the bank assigned the note to him. After this Roberts brought this suit against G. H.

Byars, alleging that the consideration for the mortgage had failed, in that Byars had not signed the note as surety and asking that the mortgage be cancelled. Byars by answer and counterclaim prayed the enforcement of the mortgage. The circuit court gave judgment in favor of Byars. Roberts appeals.

The note concludes with these words: "And the drawers, endorsers and all parties interested, severally waive notice of maturity, nonpayment, protest and notice of protest on this note." When Byars wrote his name on the back of the note he therefore waived notice of dishonor. Under the statute the signature of the endorser without additional words is a sufficient endorsement, and thereby he engaged that he would pay the amount thereof to the holder. Kentucky Statutes, section 3720-B, subsections 31, 66. As notice of dishonor was waived there was no substantial difference between his obligation under the statute when he wrote his name on the back and what it would have been if he had signed his name under Roberts' on the face of the note. In fact Roberts' rights were in no wise prejudiced. The parties made the transaction with the view to the bank's taking the note. The bank did take it. Byars, when the note was not paid, had to pay it and only discharged his legal liability when he did pay it. The mortgage was therefore properly enforced.

It is urged that the court improperly ordered certain money to be paid into court; but this did not prejudice appellants, and the party who was ordered to pay the money is not complaining.

Judgment affirmed.